UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11154-JLS-RAO                                    Date: May 15, 2026
Title:  Mark Kuseny et al v. General Motors LLC et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

Kelly Davis                                                          N/A
Deputy Clerk                                                    Court Reporter

Attorneys Present for Plaintiffs:              Attorneys Present for Defendant:

Not Present                                                      Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER DENYING MOTION TO REMAND (Doc. 17)**

Before the Court is a Motion to Remand filed by Plaintiffs Mark Kuseny and Adam Limo Service, LLC.  (Mot., Doc. 17.)  Defendant General Motors, LLC opposed, and Plaintiffs responded.  (Opp., Doc. 18; Reply, Doc. 24.)  Having taken the matter under submission, and for the following reasons, the Court DENIES Plaintiffs' Motion.

**I.      BACKGROUND**

On August 1, 2025, Plaintiffs filed this action in Los Angeles County Superior Court against Defendant, alleging four claims for violation of the Song-Beverly Consumer Warranty Act, one claim for violation of the Magnuson-Moss Warranty Act ("MMWA"), and one claim for violation of the California Uniform Commercial Code. (Ex. A to Not. of Removal, "Compl.", Doc. 1-1.)  The claims arise out of Plaintiffs' purchase of a 2022 Chevrolet Suburban (the "Subject Vehicle").  (*Id.* ¶ 7.)  The Complaint contains no allegations going to the price of the Subject Vehicle and seeks "actual damages in an amount according to proof," as well as restitution, civil penalties, costs, and attorneys' fees, among other relief.  (Compl. at 16.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11154-JLS-RAO                                     Date: May 15, 2026
Title:  Mark Kuseny et al v. General Motors LLC et al

On April 30, 2025, prior to filing the Complaint, Plaintiffs produced to Defendant a copy of the Subject Vehicle Sales Agreement and all repair orders.  (Yang Decl. ¶ 7, Doc. 17-1.)  On October 2, 2025, Plaintiffs again produced a copy of the Sales Agreement as part of their statutory disclosures pursuant to Cal. Code Civ. Pro. § 871.26. (*Id.* ¶ 8.)

Defendant removed this action on November 20, 2025, invoking the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332.  (Not. of Removal at 3, Doc. 1.) Defendant represents that in the 30 days prior to removal, it "conducted a preliminary investigation and determined that Plaintiff's citizenship and the reasonable, non-speculative estimation of the amount in controversy placed at issue . . . plausibly g[ave] rise to subject matter jurisdiction."  (Not. of Removal at 2.)  Defendant represents that it is a citizen of Michigan and Delaware, while Plaintiffs are each citizens of California. (*Id.* at 3–4.)  At the time of removal, Defendant estimated the actual damages to be $65,607.17, based on a purchase price for the subject vehicle of $73,017.12 and statutory deduction estimates for "mileage offset, third-party service contracts, manufacturer's rebate, and negative equity."  (*Id.* at 5.)  Defendant has now updated its estimation of actual damages to $67,017.37.  (Opp. at 28.)  Defendant therefore represents that the amount in controversy exceeds $75,000 through "the combination of actual damages, civil penalties, past, and conservatively calculated future attorney's fees."  (Not. of Removal at 6.)  Plaintiffs now move to remand.

II.     **LEGAL STANDARD**

A defendant may remove a case that was filed in state court to a federal court in the same district and division if the federal court would have had original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a)–(b); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or complete diversity between the parties, *see* 28 U.S.C. § 1332.  A federal court has federal question jurisdiction over certain lemon-law actions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11154-JLS-RAO                              Date: May 15, 2026
Title:  Mark Kuseny et al v. General Motors LLC et al

under the Magnuson-Moss Warranty Act where "the amount in controversy is [more] than the sum or value of $50,000 ... computed on the basis of all claims to be determined in this suit."  15 U.S.C. § 2310(d)(1)(B), (d)(3)(B).  A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the parties to the action are citizens of different states and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a).

A removing defendant's Notice of Removal must include "plausible allegations of the jurisdictional elements."  *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1069 (9th Cir. 2021).  "[T]he amount in controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014); *see also id.* (applying *Dart Cherokee* outside the CAFA context).  However, "[i]t is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (cleaned up, internal quotation marks omitted).  "[T]he defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  "We strictly construe the removal statute against removal jurisdiction," meaning that "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.*

Generally, a notice of removal must be filed within thirty days of the defendant's receipt of the initial pleading.  28 U.S.C. § 1446(b)(1).  But "[i]f the case stated by the initial pleading is not removable," then a notice of removal must be filed within thirty days of the defendant's receipt "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  *Id.* § 1446(b)(3).  However, a defendant may "remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines" and does so "within one year of the commencement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11154-JLS-RAO                          Date: May 15, 2026
Title:  Mark Kuseny et al v. General Motors LLC et al

of the action." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125–26 (9th Cir. 2013); *see also* 28 U.S.C. § 1446(c)(1).

## III.    <u>ANALYSIS</u>

### A.    **Timeliness of Removal**

Plaintiffs first argue that Defendant's removal was untimely because the Complaint contained a claim under the MMWA, creating federal question jurisdiction. (Mot. at 11–12.).  However, federal jurisdiction under the MMWA exists only if the amount in controversy is at least $50,000.  *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1037 (9th Cir. 2004); 15 U.S.C. § 2310(d)(3)(B).  Accordingly, the first thirty-day removal period is triggered only if the requisite amount in controversy was set forth on the face of the Complaint.  *See Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 885 (9th Cir. 2010) (quotation omitted).  The Court concludes that it was not.[1]

The amount in controversy was not ascertainable on the face of the complaint, which contains no allegations from which actual damages may be determined.  As Plaintiffs acknowledge, the "Complaint does not allege a specific monetary relief figure[.]" (Mot. at 14.)   The Complaint includes only the VIN of the Subject Vehicle, and requests "actual damages in an amount according to proof." (Compl. at 19.)  The Complaint does not allege either the total cash price paid or payable or the approximate value, mileage, or condition of the Subject Vehicle.  "The absence of such information prevented Defendant from estimating the actual damages sought . . . [and] rendered Plaintiff's request for 'a civil penalty in the amount of two times Plaintiff's actual damages' virtually meaningless." *Andrade v. General Motors, LLC*, 2025 WL 3022669,

---

[1] In light of this conclusion, the Court need not reach Defendant's additional argument that Plaintiffs' citizenship was not set forth on the face of the Complaint.  (*See* Opp. at 24–25.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11154-JLS-RAO                                      Date: May 15, 2026
Title:  Mark Kuseny et al v. General Motors LLC et al

at *3 (C.D. Cal. Oct. 28, 2025) (Staton, J.).   Therefore, the thirty-day removal clock was not triggered upon Defendant's receipt of the initial pleading.

Plaintiffs argue that the second thirty-day removal clock began when Defendant received the Subject Vehicle's Sales Agreement on October 2, 2025.  (Mot. at 15.)  The Song-Beverly Act provides a variety of remedies including actual damages, a civil penalty "not [to] exceed two times the amount of actual damages," and attorneys' fees.  Cal. Civ. Code § 1794(a)–(d).  Actual damages are measured by the "amount equal to the purchase price paid by the buyer, less that amount directly attributable to use by the buyer prior to the discovery of the nonconformity."  Cal. Civ. Code §§ 1793.2(d)(1) and (2).  Actual damages are therefore not determinative, and the thirty-day timeline to remove is not triggered, until a document reveals "information as to the amount actually paid for the vehicle … *i.e.*, the total cash price," and "information from which the vehicle's mileage use offset can be determined."  *Covarrubias v. Ford Motor Co.*, 2025 WL 907544, at *3 (C.D. Cal. Mar. 24, 2025) (Staton, J.).  The mileage use offset can be determined "based on the vehicle's mileage prior to the buyer first delivering it for repair."  *Niedermeier v. FCA US LLC*, 56 Cal. App. 5th 1052, 1065 (2020).

Here, Plaintiffs provided Defendant with the Sales Agreement on October 2, 2026.  (Yang Decl. ¶ 8, Doc. 17-1.) While this provides the "amount actually paid for the vehicle," information that was not contained in the Complaint, it does not contain information necessary to calculate required mileage use offset.  Plaintiffs argue that Defendant had access to the vehicle repair orders, which Plaintiffs served on April 30, 2025 prior to the filing of the initial complaint.  (Yang Decl. ¶¶ 7–8.)  But "any document received prior to receipt of the initial pleading cannot trigger the second thirty-day removal period."  *Carvalho v. Equifax Info. Servs.*, 629 F.3d 876, 886 (9th Cir. 2010).  Accordingly, the pre-litigation documents received by Defendant did not trigger a thirty-day period to remove under 28 U.S.C. § 1446(b).  *See id.*  And though Defendant likely "'could have' demonstrated removability earlier based on its knowledge beyond the pleadings, it [was] not 'obligated to do so.'"  *Solis v. Nissan N. Am. Inc.*, 2024 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11154-JLS-RAO                     Date: May 15, 2026

Title:  Mark Kuseny et al v. General Motors LLC et al

1311275, at *2 (C.D. Cal. Mar. 27, 2024) (quoting *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1141 n.3 (9th Cir. 2013)).  The Court therefore concludes that Defendant's removal within thirty days of the completion of its investigation was timely. (*See* NOR at 2.)

### B.    Propriety of Removal

Plaintiffs also challenge the propriety of removal. (Mot. at 15–17.) As noted above, to fall within this Court's diversity jurisdiction, an action must be between citizens of different states and have an amount in controversy that exceeds $75,000. 28 U.S.C. § 1332(a).  Plaintiffs do not dispute that the action is between citizens of different states, and therefore the Court addresses only whether the amount in controversy requirement is met.

"A defendant's notice of removal to federal court must 'contain[] a short and plain statement of the grounds for removal," including the amount in controversy.  *Moe v. GEICO Indem. Co.*, 73 F.4th 757, 761 (9th Cir. 2023) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, (2014)).  Where, as here, the defendant's amount in controversy allegation is contested by the plaintiff, the defendant bears the burden of proving by a "preponderance of the evidence" that the amount in controversy exceeds $75,000.  *Dart Cherokee*, 574 U.S. at 87–88.

"The measure of a buyer's damages in [a Song-Beverly Act] action includes 'replacement or reimbursement as set forth in subdivision (d) of Section 1793.2[.]" *Niedermeier v. FCA US LLC*, 15 Cal. 5th 792, 800 (2024).  Under that subdivision, reimbursement or restitution is "an amount equal to the actual price paid or payable by the buyer[.]"  Cal. Civ. Code § 1793.2(d)(2)(B); Cal. Civ. Code § 1794(b).  The "amount directly attributable to use by the buyer prior to the discovery of the nonconformity" must be subtracted from the calculation of actual damages.  *Id.* § 1793.2(d)(1).  As of January 1, 2025, in addition to mileage use offsets, "additional offsets exist for negative equity;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11154-JLS-RAO                                      Date: May 15, 2026
Title:  Mark Kuseny et al v. General Motors LLC et al

manufacturers' rebates and credits; and the actual price of 'optional equipment, service contracts, or [guaranteed asset protection] financing purchased by the plaintiff.'" *Diaz v. Nissan N. Am., Inc.*, 2025 WL 2647458, at *3 (C.D. Cal. Sept. 12, 2025) (quoting Cal. Civ. Proc. Code § 871.27(b)–(d)).  The Song-Beverly Act also provides for civil penalties of up to double the amount of actual damages, as well as for attorneys' fees.  *See* Cal. Civ. Code § 1794(c)–(d).

      i.      Actual Damages

Defendant provides Plaintiffs' Sales Agreement, which lists a total sale price of $73,017.12, and a vehicle cash price of $62,885.  (Opp. at 28; Ex. A to Raucci Decl., "Sales Agreement" at 2, 3, Doc. 18-2.)  Defendant also determined that the first relevant repair likely took place on September 12, 2022, when the subject vehicle had 11,455 miles on the odometer.  (*See* Raucci Decl. ¶ 3, Doc. 18-1; Ex. B to Raucci Decl., Doc. 18-3.)   Given that the Subject Vehicle had six miles on the odometer at the time of purchase (*see* Sales Agreement at 2), Defendant calculates the mileage offset as $5,999.75.  (Opp. at 28.)  Defendant identified no other applicable offsets for third-party contracts or negative equity, which Plaintiffs do not contest in Reply.  *See* Cal Civ. Proc. Code § 871.27; (*see also* Sales Agreement).  Defendant also shows that there are unlikely to be remaining unpaid financing charges when this litigation is resolved.  (*See* Ex. C to Raucci Decl; Opp. at 28.)  Accordingly, the actual damages at issue are reasonably calculated at $67,017.97 ($73,017.12 – $5,999.75).

      ii.     Civil Penalties

"The civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Pennon v. Subaru of Am., Inc.*, 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022).  Rather, "[t]o satisfy its burden, the removing party must make some effort to justify the assumption by, for example, pointing to allegations in the complaint suggesting award of a civil penalty would be appropriate, and providing evidence—such

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:25-cv-11154-JLS-RAO                          Date: May 15, 2026

Title:  Mark Kuseny et al v. General Motors LLC et al

as verdicts or judgments from similar cases—regarding the likely amount of the penalty." *Id.* (internal citation and quotation omitted).

Here, Defendant points to Plaintiffs' allegations of willfulness, the fact that Defendant concluded the Subject Vehicle was presented for repair at least seven times, and "counsel's prior experience" that plaintiffs pursue civil penalties when there are records of multiple repair presentations.  These allegations "adequately support[] the inclusion of civil penalties in the amount in controversy." *Lopez v. Ford Motor Co.*, 2025 WL 3022849, at *4 (C.D. Cal. Oct. 28, 2025) (concluding similarly).  The Court therefore calculates a potential amount in controversy of at least $201,053.91.

**IV.    CONCLUSION**

Accordingly, Defendant has shown by a preponderance of the evidence that there is diversity of citizenship and that the amount in controversy exceeds $75,000.  The Court therefore has subject matter jurisdiction.  Plaintiffs' Motion to Remand is DENIED.

Initials of Deputy Clerk: kd